in the invoice; and when we find in the acts of 1823 and 1830 the same language employed as in the act of 1832, and as in the two former there can be no pretence for the construction that a want of correspondence between the package and invoice works a forfeiture, so the latter ought not to receive a different construction. These laws being in pari materia, may be taken together for the purpose of discovering the true interpretation. In none of them is this want of correspondence made a distinct and substantive ground of forfeiture; but only imposes upon the collector the duty of further examination, and the forfeiture depends upon other discoveries. The consequence of finding in the package articles not described in the invoice was different, under the acts of 1823 and 1830, from that provided by the act of 1832. In the two former, such discovery worked a forfeiture of the whole package; in the latter, the article not entered is only forfeited. The judgment of the district court must, accordingly, be reversed.

---

WRIGHT (UNITED STATES v.). See Cases Nos. 16,769–16,778.

WRIGHT (UNITED STATES ex rel. HENDERSON v.). See Case No. 16,777.

WRIGHT (UNITED STATES ex rel. TURNER v.). See Case No. 16,778.

---

## Case No. 18,100.

### WRIGHT v. WATERS.

[2 Cranch, C. C. 342.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

#### DISTRESS FOR RENT.

Costs do not accrue, upon levying a distress for rent, unless the goods are sold.

Replevin of goods distrained for rent.

Mr. Dermott for defendant, moved the court to allow the constable's poundage fees for levying the distress, to be taxed as costs in replevin, the defendant having obtained a verdict for the rent arrear.

Mr. Redin, contra, contended that those fees did not accrue in this action, but, if they accrued at all, they accrued before the suit was commenced. But they did not accrue at all, for Act Md. 1779, c. 25, gives them only in case of sale; but here the goods were replevied, and not sold.

THE COURT (THRUSTON, Circuit Justice, absent) said that the poundage fees had not accrued, as no sale had been made.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 18,101.

### WRIGHT v. WELLS.

[Pet. C. C. 220.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

REMOVAL FROM STATE COURT — JURISDICTIONAL AMOUNT—RELEASE OF PART OF CLAIM.

If a cause be removed from a state court by the defendant, and the plaintiff declares in the circuit court of the United States for more than five hundred dollars, the plaintiff cannot, by a release of part of his debt, so as to reduce it to less than five hundred dollars, take away the jurisdiction of the circuit court.
[Cited in Ladd v. Tudor, Case No. 7,975.]

Rule to show cause why this suit, which had been removed from the state court, should not be remanded, on a suggestion that the sum demanded is less than five hundred dollars. After this suit was entered in the state court, and before a declaration was filed, the defendant filed his petition, praying that the cause might be removed into this court, which was directed accordingly. On an appearance being entered in this court, the plaintiff filed a declaration, and laid his damages at one thousand dollars.

Mr. Rawle showed cause, and relied upon the damages in the declaration, as being sufficient to maintain the jurisdiction of this court. It was answered by Mr. Lewis, for the plaintiff, that the sum really demanded is less than five hundred dollars, as is admitted by the plaintiff on the record.

BY THE COURT. The state court was not bound to grant the petition for removal, unless it was satisfied, that the sum in dispute amounted to five hundred dollars. Having done so, it follows, that that court was so satisfied. In this court the plaintiff has laid his damages at five hundred dollars, which is sufficient for the jurisdiction of this court, and it cannot be ousted by the plaintiff's releasing so much of his demand, as to reduce it below that sum. Rule discharged.

---

WRIGHT (WELLS v.). See Case No. 17,405.

---

## Case No. 18,102.

### WRIGHT v. WEST.

[1 Cranch, C. C. 303.] [2]

Circuit Court, District of Columbia. March Term, 1806.

WILL—CHARGE ON LAND—CERTIFICATE OF OFFICER.

1. A devise of lands, "after payment of debts," subjects the land to the payment of the debts.

2. Where a clerk certifies the mayor, it is not necessary that the mayor should certify the clerk.
[Cited in Addison v. Duckett, Case No. 77.]

---

[1] [Reported by Richard Peters, Jr., Esq.]
[2] [Reported by Hon. William Cranch, Chief Judge.]